IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARISOL LOPEZ, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| MARTIN O'MALLEY,[1] | : No. 22-cv-01631-RAL |
| Commissioner of Social Security | : |
| Defendant | : |

**RICHARD A. LLORET**                                                                                                                                                                                                                      **May 6, 2024**
**U.S. Magistrate Judge**

## MEMORANDUM OPINION

The Commissioner of Social Security, through the decision of an Administrative Law Judge ("ALJ"), denied Marisol Lopez's application for Social Security disability benefits. The ALJ determined that Ms. Lopez was not disabled under the definition of the Social Security Act ("SSA"). R. 28.[2] Ms. Lopez requests review of the ALJ's decision. Because I find that the ALJ did not err in reaching his conclusion, I affirm.

## PROCEDURAL HISTORY

Ms. Lopez filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits as of July 26, 2019, alleging disability beginning April 29, 2016 due to lumber degenerative disc disease, rheumatoid arthritis, and fibromyalgia. R. 215, 223, 242. Her applications were denied initially on December 13, 2019 and upon reconsideration on July 26, 2019. R. 155, 158. She requested a hearing,

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as Defendant. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] All references to the administrative record will be listed as "R. ____." The administrative record is document number fifteen on ECF.

which was held on November 20, 2020, at which Ms. Lopez was represented by counsel. R. 34–63. Ms. Lopez and a Vocational Expert each testified. *See id*. The ALJ found that Ms. Lopez was not disabled under the SSA. R. 28. Ms. Lopez then filed an appeal in this court. *See* Doc. No. 1.

## FACTUAL BACKGROUND

### A. The Claimant's Background

Ms. Lopez was 33 years old on the date of the alleged disability, making her a "younger person" under the regulations. *See* R. 26; 20 C.F.R. §§ 404.1563. Ms. Lopez has not worked since her alleged disability onset date. *See* R. 39. Prior to this period of unemployment, she worked as a retail manager. She was wrongfully terminated from that role for failing a drug test due to medication she was properly prescribed by her doctor. R. 47. She was asked to return to work, but she declined because she was planning to undergo back surgery around that time. R. 47–48.

### B. The ALJ's Decision

The ALJ found that Ms. Lopez was not disabled during the relevant period. R. 28. In reaching his decision, the ALJ made the following findings of fact and conclusions of law pursuant to Social Security's five-step sequential evaluation process.[3]

Prior to step one, the ALJ determined that Mr. Lopez met the insured status requirements of the Social Security Act through December 31, 2016.[4] R. 18. At step one,

---

[3] An ALJ evaluates each case using a sequential process until a finding of "disabled" or "not disabled" is reached. The sequence requires an ALJ to assess whether the claimant: (1) is engaging in substantial gainful activity; (2) has a severe "medically determinable" physical or mental impairment or combination of impairments; (3) has an impairment or combination of impairments that meet or equal the criteria listed in the social security regulations and mandate a finding of disability; (4) has the residual functional capacity to perform the requirements of his past relevant work, if any; and (5) is able to perform any other work in the national economy, taking into consideration his residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

[4] When an applicant is seeking disability insurance benefits ("DIB") the ALJ must determine the applicant's insured status. 20 C.F.R. § 404.101(a). If an applicant is "neither fully nor currently insured,

2

the ALJ confirmed that Ms. Lopez had not engaged in substantial gainful activity during the alleged disability period, which began on April 29, 2016. *Id.* At step two, the ALJ determined that Ms. Lopez had four severe impairments: lumbar degenerative disc disease, rheumatoid arthritis, fibromyalgia, and obesity. *Id.* At step three, the ALJ compared Ms. Lopez's impairments to those contained in the Social Security Listing of Impairments (the "Listings").[5] The ALJ found that Ms. Lopez's impairments, individually and jointly, did not meet any listing criteria or medically equate the severity of a listing, including that of Listing 1.04, Listing 14.09 (relating to inflammatory arthritis), and SSR 12-2p (relating to fibromyalgia). At the time of the opinion, Listing 1.04 related to spinal disorders "resulting in compromise of a nerve root. . . or the spinal cord. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1 (effective March 27, 2017 to Dec. 15, 2017).

  Prior to reviewing step four, the ALJ determined that Ms. Lopez had the residual functional capacity ("RFC") to perform sedentary work[6] "except with occasional ramps and stairs, balance, stoop, kneel, crouch, and crawl but no ladders, ropes, or scaffolds or other hazards such as heights or machinery. She cannot tolerate concentrated exposure to extreme heat or cold, vibration, fumes, odors, dust, gases, and poor ventilation. She is limited to routine, repetitive tasks." R. 21. The ALJ determined that Ms. Lopez was unable to perform any past relevant work because her past work as a retail manager "is

---

no benefits are payable based on [the applicant's] earnings." *Id.* The applicant is able to recover DIB only through their last insured date. 42 U.S.C. § 423(a).

[5] The regulations contain a series of "listings" that describe symptomology related to various impairments. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1. If a claimant's documented symptoms meet or equal one of the impairments, "the claimant is conclusively presumed to be disabled." *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). If not, the sequential evaluation continues to step four, where the ALJ determines whether the impairments assessed at step two preclude the claimant from performing any relevant work the claimant may have performed in the past. *Id.*

[6] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

3

generally performed at the light exertional level and actually performed at the medium exertional level." R. 26. The ALJ acknowledged that Ms. Lopez was a "younger individual," per 20 C.F.R. § 404.1563, as of the disability onset date. R. 26. The ALJ determined that transferability of job skills was not material because the Medical Vocational Rules support a finding that Ms. Lopez is "not disabled" regardless of whether she has transferrable job skills. R. 27 (citing SSR 82-41; 20 CFR Part 404, Subpart P, Appendix 2).

At step five, the ALJ determined that there were jobs in "significant numbers in the national economy" that Ms. Lopez can perform, including the job of a final assembler (DOT 713.687-018), inspector (DOT 669.687-014), and table worker (DOT 739.687-182). R. 27. The ALJ ultimately concluded that Ms. Lopez was not disabled during the insured period. R. 28.

## STANDARDS OF REVIEW

My review of the ALJ's decision is deferential. I am bound by his findings of fact to the extent those findings are supported by substantial evidence in the record. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). Accordingly, my review of the ALJ's findings of fact is limited to determining if substantial evidence supports the decision. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). If the ALJ's factual conclusion is supported by substantial evidence, his disability determination must be upheld. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *see also* 42 U.S.C. § 405(g); *Dickinson v. Zurko*, 527 U.S. 150, 164 (1999).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial

evidence "is more than a mere scintilla but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). I must rely on the record developed during the administrative proceedings along with the pleadings in making my determination. *See* 42 U.S.C. § 405(g). I may not weigh the evidence or substitute my own conclusions for those of the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). I must also defer to the ALJ's evaluation of evidence, assessment of the witnesses, and reconciliation of conflicting expert opinions. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009).

The ALJ's legal conclusions and application of legal principles are subject to plenary review. *See Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995). I must determine whether the ALJ applied the proper legal standards in reaching the decision. *See Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984). Accordingly, I can overturn an ALJ's decision based on an incorrect application of a legal standard even where I find that the decision otherwise is supported by substantial evidence. *Payton v. Barnhart*, 416 F. Supp. 2d 385, 387 (E.D. Pa. 2006) (Katz, J.) (citing *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983)).

An ALJ must provide sufficient detail in his opinion to permit meaningful judicial review. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119–20 (3d Cir. 2000). An ALJ must also address all pertinent evidence in the record. *See id.* at 121–22. When dealing with conflicting medical evidence, the ALJ must describe the evidence and explain his resolution of the conflict. *Id.* at 121. As the Third Circuit observed in *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999):

> When a conflict in the evidence exists, the ALJ may choose whom to credit but "cannot reject evidence for no reason or for the wrong reason." *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993). The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects. *See Stewart v. Sec. of H.E.W.*, 714 F.2d 287, 290 (3d Cir. 1983)

An ALJ's decision is to be "read as a whole." *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The question on review is whether, reading the ALJ's opinion as a whole against the record, the reviewing court can understand why the ALJ reached his decision and can identify substantial evidence in the record supporting that decision. *Caruso v. Comm'r. of Soc. Sec.*, 99 Fed. Appx. 376, 379 (3d Cir. 2004)).

## DISCUSSION

Ms. Lopez argues that the ALJ erred by finding the results of two consultive examinations to be "partially persuasive," yet failing to include the evaluation's recommended reaching or handling limitations in her RFC. *See* Pl. Br. at 3–12. The Commissioner responds that the ALJ properly accounted for Ms. Lopez's limitations. After a careful review of the record, I find that the ALJ's RFC determination is supported by substantial evidence. Because Ms. Lopez has not met her burden to show that she experienced greater limitations than those contained in her RFC, I will affirm.

The ALJ properly evaluated Ms. Lopez's condition under the Commissioner's five-step sequential evaluation process. At step one, the Plaintiff found that Ms. Lopez had not engaged in substantial gainful activity since her alleged disability onset date, April 29, 2015. R. 18. At step two, the ALJ found that Ms. Lopez had four severe impairments: lumbar degenerative disc disease, rheumatoid arthritis, fibromyalgia, and obesity. R. 18–20. At step three, he determined that Ms. Lopez's impairments did not, either alone or in combination, meet or medically equal any Listing in the Social Security Listing of Impairments.[7] After considering the entire record, he determined

---

[7] The regulations contain a series of "listings" that describe symptomology related to various impairments. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1. If a claimant's documented symptoms meet or equal one of the impairments, "the claimant is conclusively presumed to be disabled." *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). If not, the sequential evaluation continues to step four, where the ALJ determines whether the impairments assessed at step two preclude the claimant from performing any relevant work the claimant may have performed in the past. *Id.*

6

that Ms. Lopez had the residual functional capacity to perform a restricted range of sedentary work. R. 21–26. Relying on the testimony of a Vocational Expert, the ALJ found that Ms. Lopez could not perform her past work as a retail manager but that she did retain the ability to perform other unskilled sedentary occupations such as a final assembler, an inspector, or a table worker. R. 26–27. As a result, the ALJ correctly determined that Ms. Lopez was not disabled during the relevant period. R. 28.

This ALJ's findings, including his RFC determination, are supported by substantial evidence. A claimant's residual functional capacity is the most that the claimant can do despite the limitations caused by her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). Because the RFC determination is reserved exclusively to the Commissioner, the ALJ is not required to accept any particular medical source's opinions about the claimant's RFC. *See* 20 C.F.R. §§ 404.1520b(c)(3)(v), 416.920b(c)(3)(v).

Here, the ALJ made the following finding regarding Ms. Lopez's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with occasional ramps and stairs, balance, stoop, kneel, crouch, and crawl but no ladders, ropes, or scaffolds or other hazards such as heights or machinery. She cannot tolerate concentrated exposure to extreme heat or cold, vibration, fumes, odors, dust, gases, and poor ventilation. She is limited to routine, repetitive tasks.

R. 21. His decision contains approximately five pages of extensive discussion of Ms. Lopez's medical history, including specific discussion of a consultive examination by Nurse Practitioner Daniel Chege and a functional capacity evaluation with a physical therapist. *See* R. 21–26.

Ms. Lopez specifically challenges the ALJ's decision to not include limitations in her RFC relating to her ability to reach or handle. *See* Pl. Br. at 7–8. She asserts that the ALJ's omission of any reaching limitations in not harmless error because the SSA has advised that "'[s]ignificant limitations of reaching or handling . . . may eliminate a large number of occupations a person could otherwise do.'" Pl. Br. at 9 (quoting *Titles II & Xvi: Capability to Do Other Work-Themedical-Vocational Rules As A Framework for Evaluating Solely Nonexertional Impairments*, SSR 85-15 (S.S.A. 1985)).

The ALJ reviewed the evidence concerning Ms. Lopez's symptoms at length. While Ms. Lopez complained of chronic pain, her primary care physician generally documented normal clinical findings and no signs of distress. R. 23 (citing 356, 367, 392, 395, 406, 439, 450, 452, 471, 959, 1027, 1047, 1123). The ALJ also noted that Ms. Lopez's consultive examination indicated that she had a normal gait, only two positive trigger points, no tenderness in her joints, full strength in her upper and lower extremities, and intact fine motor skills. R. 23 (citing R. 917–18, 926–29). Despite Ms. Lopez's complaints of pain, the ALJ found that her records suggested that her condition was stable with medication and there were no consistent signs of tenderness or inflammation in her joints. *See* R. 24. He explained that her course of treatment was generally routine and that her occasional symptoms appeared to improve with treatment. R. 22 (citing 302–06, 368–72, 400–01, 421, 444–51, 462–69, 896–99, 1023). Ultimately, the ALJ concluded that Ms. Lopez's course of treatment, clinical findings, and daily activities do not support a finding that she was disabled. R. 24, 26.

Ms. Lopez does not argue that she has a significant limitation in her ability to reach or handle but, rather that the ALJ "did not properly evaluate evidence with respect to her ability to handle[.]" Pl. Br. at 3. In doing so, Ms. Lopez essentially asks me

8

to re-weigh the evidence and reach a different conclusion than the ALJ, something I am not permitted to do. *See Chandler*, 667 F.3d at 359 (citing *Richardson*, 402 U.S. at 401) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."). Contrary to Ms. Lopez's assertions, the ALJ did acknowledge that opinions in the record suggested she may have difficulties reaching and handling, including the opinions of Mr. Chege and the physical therapist that Ms. Lopez discusses in her brief. However, weighing those opinions against the objective medical evidence of record, the ALJ determined that Ms. Lopez was capable of an RFC that did not include any reaching or handling limitations. That the ALJ did not reach Ms. Lopez's preferred conclusion does not suggest error.

Daniel Chege is a nurse practitioner who performed an independent consultative examination of Ms. Lopez for disability determination purposes in November 2019. R. 23. In reviewing Mr. Chege's opinion, the ALJ noted that Mr. Chege "found the claimant able to lift and carry twenty pounds occasionally and ten pounds frequently, to sit eight hours, to stand three hours and to walk three hours while using a cane, to occasionally push and pull with the hands, to occasionally reach with the right hand, and to frequently reach with the left hand as well as handle, finger, and feel bilaterally," recognizing that Mr. Chege found occasional right shoulder reaching limitations and frequent bilateral handling limitations. R. 24. While the ALJ acknowledged that Mr. Chege's opinion was "generally persuasive because [it is] consistent with the objective clinical examination findings as well as the longitudinal treatment records," he ultimately adopted an RFC with greater lifting and carrying limitations than assessed by Mr. Chege, but without any reaching and handling limitations. R. 25.

Likewise, the ALJ summarized the results of a November 2020 functional capacity evaluation which was conducted by a physical therapist. The physical therapist

concluded that Ms. Lopez was capable of sedentary work. The ALJ noted that Ms. Lopez "reported increased hand pain during the testing; however, testing also noted possible submaximal effort when doing handgrip testing, pinch grip testing. While the therapist indicated that pain and fatigue may explain the inconsistencies in testing, the undersigned notes that nearly fifty percent of the testing noted possible submaximal effort." R. 24. The ALJ found this opinion to be "generally persuasive" to the extent it was "consistent with the objective clinical examination findings as well as the longitudinal treatment records. R. 24. However, based on the other evidence in the record, he determined that Ms. Lopez was actually "more limited in exertional limitations." R. 24.

The ALJ's RFC determination is consistent with the record as a whole, including Dr. Chege's assessment that Ms. Lopez "had normal ranges of motion throughout the body, including the lower back with some decrease in forward elevation and abduction of the right shoulder" and the physical therapist's conclusion that Ms. Lopez is "capable of sedentary work." R. 23. An ALJ is not required to defer to or adopt every limitation recommended by a medical source simply because he found the opinion to be partially persuasive. *See Irwin v. Comm'r of Soc. Sec.*, No. 19-5109, 2020 WL 1888958, at *3 (E.D. Pa. Apr. 16, 2020). After reviewing the entire record, the ALJ ultimately adopted a relatively limited RFC without any reaching and handling limitations. The ALJ properly addressed the medical opinions and adequately and reasonably cited substantial evidence to support his RFC. He did not err in doing so.

Any argument that the ALJ's RFC determination led to errors at step five similarly fails. An ALJ's hypothetical question need only contain those functional limitations supported by the record. *See Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004) ("'A hypothetical question must reflect all of a claimant's impairments

that are supported by the record[.]'") (quoting *Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir.1987)). "[W]here a limitation is supported by medical evidence, but is opposed by other evidence in the record, the ALJ has discretion to choose whether to include that limitation in the hypothetical." *Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (citing *Rutherford*, 399 F.3d at 554. The ALJ properly determined that the record did not support additional reaching and handling restrictions and therefore, he was not obligated to ask the Vocational Expert whether additional reaching or handling restrictions would limit the pool of jobs available to Ms. Lopez.

## CONCLUSION

Because I find no error, the decision of the ALJ is affirmed, and the appeal dismissed. I will enter an Order and Judgment accordingly.

BY THE COURT:

*s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**